**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AKORN HOLDING COMPANY LLC, *et al.*[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br>(Jointly Administered) |
| George L. Miller, the Chapter 7 trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br><br>Plaintiff,<br><br>vs.<br><br>Defendants Listed on Exhibit "A",<br><br>Defendants. | Adv. No. See Exhibit "A"<br><br>**Objection Deadline: 5/29/2025 at 4:00 PM**<br>**Hearing Date: 6/20/2025 at 10:00 AM** |

**MOTION FOR ORDERS ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS BROUGHT BY PLAINTIFF PURSUANT TO SECTIONS 502, 547, 548, AND 550 OF THE BANKRUPTCY CODE**

Pursuant to sections 102(1) and 105 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 7016, 7026, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 7016-1, 7016-2, and 9019-5 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), George L. Miller, the chapter 7 trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.* ("Plaintiff" or "Trustee"), by and through his undersigned counsel, hereby

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255 (KBO). The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

moves (the "Motion") for orders, substantially in the form annexed hereto as **Exhibits B and C** (together, the "Adversary Procedure Orders"), establishing procedures governing all adversary proceedings brought by Plaintiff pursuant to sections 502, 547, 548, and 550 of the Bankruptcy Code, as identified on the schedule attached hereto as **Exhibit A** (the "Avoidance Actions"). In support of the Motion, Plaintiff respectfully states as follows:

**PRELIMINARY STATEMENT**

1. In order to efficiently administer and resolve the volume of Avoidance Actions filed in connection to the above-referenced bankruptcy cases, Plaintiff proposes that certain procedures be implemented (a) eliminating the requirement of a Bankruptcy Rule 7026(f) scheduling conference and, in lieu thereof, setting procedures and timetables for service of Bankruptcy Rule 7026 disclosures and for conducting fact and expert written discovery and depositions, (b) establishing procedures and timetables requiring that the Avoidance Actions be referred to non-binding mediation, and (c) establishing omnibus hearings for the Avoidance Actions and general agendas for the same (collectively, the "Proposed Procedures"). The Proposed Procedures are designed to promote the cost-effective, timely resolution of the Avoidance Actions and to further the goals of judicial economy and efficiency. Plaintiff believes that the Proposed Procedures further the purpose of the applicable Bankruptcy Rules and the Local Rules and will allow for the efficient resolution of the Avoidance Actions.

2. Pursuant to the *General Order Regarding Procedures in Adversary Proceedings* dated April 7, 2004 (as later revised on July 14, 2004 and amended on April 11, 2005) (the "General Order"), adversary proceedings in this district asserting causes of action under section 547 of the Bankruptcy Code are referred to mediation. Plaintiff has taken into consideration Local Rule 9019-5, which provides a different mediation schedule depending on the amount in

controversy and, based on this Local Rule, proposes two separate Adversary Procedure Orders for Avoidance Actions. Avoidance Actions with claims less than or equal to $75,000.00 will follow Local Rule 9019-5(j) and are referred to early mediation, with formal discovery to follow. In Avoidance Actions with claims greater than $75,000.00, mediation will follow a formal discovery period. For smaller cases, the Local Rules allow Defendants (defined below) the ability to choose between a mediation-first or discovery-first track. Accordingly, Plaintiff has provided an orderly ballot mechanism for these Defendants to opt-in to the order governing larger cases should they so choose.

3. Additionally, Plaintiff has provided for a panel of three mediators from which Defendants can choose a mediator. Plaintiff believes in a case of this size, a set list of specific mediators will aid Plaintiff and Defendants alike, as a set group of mediators will become familiar with issues common to these chapter 7 cases. A panel of three mediators will also ensure that Defendants have a choice in their mediator selection. The Proposed Procedures will help the Court better manage the Avoidance Actions, while employing guidelines similar to the Local Rules.

4. Local Rule 7016-1(e) provides that a movant noticing a procedures motion prior to the pretrial scheduling conference must demonstrate good cause. Ample good cause exists here. This Procedures Motion inures to the benefit of all Defendants by giving them an automatic sixty (60)-day extension of time to file responses to their respective complaints. Holding the hearing on this Motion prior to time as the pretrial scheduling conference (currently scheduled for July 2025) will alleviate any uncertainty for Defendants as to the deadline for a responsive pleading. Additionally, good cause exists to hear the Procedures Motion as it is designed to further facilitate consensual resolution of these matters where possible, which serves as a more efficient use of the Court's and the parties' time and resources.

## JURISDICTION AND VENUE

5. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (F), (H) and (O).

6. Plaintiff consents pursuant to Local Rule 7008-1 to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

8. The statutory bases for the relief requested in the Motion is section 105(a) of the Bankruptcy Code, as supplemented by Bankruptcy Rules 7004, 7012, 7016, 7026, and 9006, Local Rules 7016-1, 7016-2, and 9019-5, and the General Order.

## BACKGROUND

9. On February 23, 2023 (the "Petition Date"), Debtors Akorn Holding Company LLC, Akorn Intermediate Company LLC, and Akorn Operating Company, LLC, each filed a voluntary petition in the Bankruptcy Court for relief under chapter 7 of the Bankruptcy Code.

10. On or about the Petition Date, the Office of the United States Trustee appointed George L. Miller as the Chapter 7 Trustee of each of the Debtors' estates (the "Estates").

11. On March 20, 2023, this Court entered the *Order Directing Joint Administration and Procedural Consolidation of Cases* [D.I. 42], directing procedural consolidation and joint administration of the Debtors' chapter 7 cases.

12. The Debtors' operations included the development, manufacturing, and marketing of specialty pharmaceuticals, including prescription, consumer health, and animal health products. The Debtors were an industry leader in branded and generic products in alternate dosage forms such as ophthalmics, injectables, oral liquids, topicals, inhalants and nasal sprays. The Debtors

operated from numerous locations in the United States, including both owned and leased facilities, and were headquartered in Gurnee, Illinois.

13. Plaintiff has commenced several hundred Avoidance Actions, of which approximately 260 Avoidance Actions remain pending against the defendants set forth on **Exhibit A** (collectively, the "Defendants").

## RELIEF REQUESTED

14. Plaintiff seeks entry of the Adversary Procedures Orders, substantially in the forms attached hereto as **Exhibits B and C**, approving the Proposed Procedures in connection with the prosecution of the Avoidance Actions. The Proposed Procedures are designed to streamline litigation and promote the settlement of the Avoidance Actions in a timely and efficient manner, thereby minimizing the costs to all parties and reducing the Court's administrative burden. The Proposed Procedures also preserve the rights of all parties to adjudicate claims and defenses before the Court, if necessary.

## BASIS FOR RELIEF REQUESTED

### I. Proposed Procedures Generally

15. The Court has broad discretion to adopt and implement guidelines, such as the Proposed Procedures, which will aid in the administration of adversary proceedings. Specifically, Federal Rules of Civil Procedure 16(a) (the "Federal Rules"), as made applicable by Bankruptcy Rule 7016, authorizes courts to enter orders for purposes such as:

> (1) expediting disposition of the action;
>
> (2) establishing early and continuing control so that the case will not be protracted because of lack of management;
>
> (3) discouraging wasteful pretrial activities;
>
> (4) improving the quality of the trial through more thorough preparation; and

(5) facilitating settlement.

Fed. R. Civ. P. 16(a)(1)–(5).

16. In addition, Federal Rule 16(b) affords courts significant flexibility in case management and scheduling. Specifically, Federal Rule 16(b) authorizes courts to enter scheduling and other orders that limit or modify the time to file motions, complete discovery, and other deadlines as appropriate to the circumstances of the case. Federal Rule 16(b) expressly provides that such order may include modifications for the disclosures required under Federal Rule 26 (made applicable to the Avoidance Actions by Bankruptcy Rule 7026), dates for conferences and trials, and any other matters appropriate to the circumstances of the case.

17. Section 105(a) of the Bankruptcy Code also functions as a grant of broad authority to the Court to implement the Proposed Procedures. Specifically, section 105 authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

18. The Proposed Procedures further the purpose of the applicable Bankruptcy Rules by establishing certain guidelines Plaintiff believes are essential to the efficient and successful resolution of the Avoidance Actions. Plaintiff also submits that the Proposed Procedures will further the goals of judicial economy and the conservation of judicial resources. Absent the establishment of the Proposed Procedures to govern the prosecution of the Avoidance Actions, it will be difficult for this Court to administer these adversary proceedings due to the volume of cases. To the extent the Proposed Procedures deviate from otherwise applicable rules and orders, Plaintiff submits that such variations are warranted to promote efficient use of estate assets and judicial resources.

19. Also, Plaintiff hopes and expects that the Proposed Procedures set forth in the proposed Adversary Procedure Orders will promote settlements and reduce defense costs because

proceeding in such a manner may obviate the need for Defendants to retain outside and/or local counsel during the settlement process. Defendants in the Avoidance Actions will also be able to present their defenses to Plaintiff for evaluation before engaging in costly litigation.

**II. Extension of Time to Respond to Complaint**

20. The Proposed Procedures extend Defendants' time to answer or otherwise respond to their respective complaint by up to sixty (60) days after the Defendant's initial response time expires. This extension will help to maximize the number of Avoidance Actions that Plaintiff is able to settle expeditiously, and will encourage settlements with Defendants who wish to avoid the expense of preparing and filing responsive pleadings.

**III. Pretrial Conferences and Discovery**

21. Given the number of Avoidance Actions, Plaintiff believes that the provisions of the Adversary Procedure Orders governing scheduling conferences, pretrial conferences, initial disclosures, and fact and expert discovery are necessary to establish a structured, efficient process for the resolution of the Avoidance Actions. The Proposed Procedures (1) waive the initial pretrial conference scheduled for July 10, 2025, and any subsequently scheduled pretrial conferences, (2) extend the agreed-upon time to serve initial disclosures, (3) set deadlines for the parties to select a mediator in order to timely complete mediation by the agreed upon deadline, and (4) establish deadlines for conducting and completing discovery. Good faith reasons exist to waive the pretrial hearing and provide for a mediator selection process, as this will require less of the Court's time reviewing, signing and docketing stipulations for extensions of time and mediator selection. The Proposed Procedures will also result in more orderly and efficient litigation and discourage dilatory tactics.

**IV. Referral of Avoidance Actions to Mandatory Non-Binding Mediation**

22. Plaintiff seeks approval of the Proposed Procedures with respect to referring Avoidance Actions to mandatory non-binding mediation. This request comports with the General Order referring adversary proceedings to mediation, and the Local Rules concerning the mediation process. Plaintiff proposes a panel of three mediators from which Defendants can choose a mediator, rather than the entire register. A set list of specific mediators will aid Plaintiff and Defendants alike, as a set group of mediators will become familiar with issues common to these chapter 7 cases and the related adversary proceedings. Additionally, the costs to the Estates are lessened when multiple adversary proceedings are mediated in blocks of time by the same mediator. Cost efficiencies may also be realized by Defendants where defense counsel represents multiple Defendants. The list of the three proposed mediators is attached as Exhibit 2 to the proposed Adversary Procedure Orders.

23. Referring adversary proceedings to mediation has proven highly successful in other bankruptcy cases where law firms have represented plaintiffs in the prosecution of preference and fraudulent transfer actions. Procedures orders containing mandatory, non-binding facilitative mediation procedures similar to the provisions contained in the Proposed Orders have been entered in other cases pending in this district. *See, e.g.*, *In re Armstrong Flooring, Inc., et al.*, Case No. 22-10426 (MFW) (D.I. 1427) (Bankr. D. Del. June 13, 2023); *In re HRB Winddown, Inc., et al.*, Case No. 19-12689 (BLS) (D.I. 845) (Bankr. D. Del. Mar. 4, 2022); *In re Fred's, Inc., et al.*, Case No. 19-11984 (CTG) (D.I. 1582 & 1585) (Bankr. D. Del. Oct. 20, 2021); *In re J & M Sales, Inc., et al.*, Case No. 18-11801 (JTD) (D.I. 2255 & 2256) (Bankr. D. Del. Mar. 18, 2020).

24. As the Adversary Procedure Orders provide for non-binding mediation, they will not prejudice any party. In fact, Plaintiff submits that all parties and the Court will benefit from the mediation provisions in the proposed Adversary Procedure Orders by providing the

opportunity to resolve the adversary proceedings without expensive, time-consuming and burdensome litigation and trial.

## V. Defendants May Elect to Move to Discovery-First Track

25. Accompanying this Motion is a *Notice of Hearing and Response Date for Motion and Defendants' Election as to Procedures Order Track* (the "Notice") and accompanying election form (the "Election Form"). Pursuant to Local Rule 9019-5(j), a Defendant in an adversary proceeding that only includes a claim to avoid and/or recover an alleged avoidable transfer pursuant to sections 544, 547, 548 or 550 of the Bankruptcy Code where the total amount in controversy is less than or equal to $75,000.00 has the option of conducting mediation prior to formal written discovery, or proceeding with formal discovery first. Currently, Plaintiff has placed all Defendants in adversary proceedings with a total amount in controversy less than or equal to $75,000.00 on Exhibit 1 to the Proposed Order attached hereto as **Exhibit B**, which provides for mediation prior to discovery. Plaintiff believes that many smaller case Defendants prefer the alternative procedures provided for in the Local Rules, and this division eliminates the formal election requirements to do so. However, as outlined in the Notice, those Defendants currently on Exhibit 1 to **Exhibit B** that wish to conduct formal discovery first may notify Plaintiff using the Election Form and the procedures outlined in the Notice. Those parties giving proper notice will be moved to Exhibit 1 to the proposed order attached hereto as **Exhibit C** and proceed with formal discovery prior to mediation.

## VI. Omnibus Hearings and Motions

26. The Proposed Procedures contemplate that Plaintiff will schedule omnibus hearings for the Avoidance Action on a quarterly basis at the Court's convenience. All motions and other matters concerning any Avoidance Actions will only be heard at such omnibus hearings.

**NOTICE**

27. Notice of this Procedures Motion has been provided to (i) the United States Trustee for the District of Delaware, and (ii) all entities that are Defendants in the Avoidance Actions as of the date hereof, which are identified on **Exhibit A**. Plaintiff respectfully submits that such notice is adequate and that no other or further notice need be provided.

**CONCLUSION**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter the proposed Adversary Procedure Orders attached hereto as **Exhibits B** and **C**, (i) approving the Proposed Procedures and (ii) granting such other and further relief as the Court deems just and proper.

Dated: May 8, 2025
Wilmington, DE

**SAUL EWING LLP**

*/s/ Evan T. Miller*
Evan T. Miller (No. 5364)
Paige N. Topper (No. 6470)
1201 North Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6864
Facsimile: (302) 421-6813
Email: evan.miller@saul.com
paige.topper@saul.com

-and-

**CIARDI CIARDI & ASTIN**

John D. McLaughlin, Jr.
No. 4123
Ciardi Ciardi & Astin
1204 N. King Street
Wilmington, DE 19801
Telephone: 484-437-2676
Email: jmclaughlin@ciardilaw.com

-and-

Albert A. Ciardi, III, Esquire
Walter W. Gouldsbury, III, Esquire
1905 Spruce Street
Philadelphia, PA 19103
(215) 557-3550 telephone
(215) 557-3551 facsimile
aciardi@ciardilaw.com

*Special Counsel to George L. Miller, the Chapter 7 trustee of the bankruptcy estates of Akorn Holding Company LLC, et al.*